IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LOREN CHARLES JANOSKY, ) | |
| ) | |
| Petitioner, ) | NO. 3:08-0104 |
| ) | JUDGE HAYNES |
| v. ) | |
| ) | |
| STATE OF TENNESSEE, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**M E M O R A N D U M**

Petitioner, Loren Charles Janosky, filed this pro se action under 28 U.S.C. § 2254 seeking to set aside his state convictions for two counts of aggravated rape and one count of aggravated kidnapping, based upon his guilty plea. After a review of the pro se petition, the Court appointed the Federal Public Defender and an amended petition was filed. (Docket Entry No. 19). Petitioner's claim is that his guilty plea is invalid as involuntary because he was incompetent to plead guilty given that he was taking State prescribed medications for his mental health at the time of his guilty plea. Id. at 8.[1]

Before the Court is Respondent's motion to dismiss (Docket Entry No. 40), contending that Petitioner's claims are time-barred, citing state court records revealing the dismissal of Petitioner's state post-conviction claims as time-barred under state law. (Docket Entry No. 43-1 through 43-5).

---

[1] The amended petition incorporates the pro se petition without any legal analysis. Mayle v. Felix, 545 U.S. 644, 649 (2005); Rule 6(a), Rules Governing Section 2254 Cases. Under Fed. R. Civ. P. 15 (a), the filing of an amended complaint supersedes the prior complaint. Clark v. Tarrant County, 798 F.2d 736, 740-41 (5th Cir. 1986). Thus, the Court deems the amended petition to supersede the pro se petition and the claims therein. Unless adopted and supported by legal memorandum, the Court deems those claims to be waived.

1

In response, Janosky asserts that his mental condition and medications at the time of his guilty plea reflect a justification for tolling the applicable limitation period and that Petitioner has a lead to possible evidence of a witness's recantation of testimony for a claim of actual innocence which also can be ground for equitable tolling.

### A. Procedural History

On November 1, 2002, an indictment charged Petitioner with two counts of aggravated rape and one count of aggravated kidnapping. On November 3, 2003, Petitioner pled guilty to the three counts and the state trial court accepted his plea for which Petitioner received three concurrent terms of eighteen years. Under Tennessee law, a judgment in a criminal action is final within thirty (30) days after its entry, absent an appeal. Tenn. App. P. 4(a). Thus, Petitioner's judgment based upon his guilty plea became final effective December 4, 2002.

On January 16, 2004, Petitioner filed a state court petition for post-conviction relief. (Docket Entry No. 43-1). The state trial court appointed counsel. Id. On March 19, 2004, With the advice of counsel, Petitioner withdrew his state post-conviction petition that was dismissed with prejudice. Id.

On June 28, 2006, Petitioner filed a pro se motion in the state criminal court to withdraw his guilty plea as well as a separate state post-conviction petition and a motion to reopen his prior state post-conviction proceedings. On July 11, 2006, the state trial court denied Petitioner's motions and petition as untimely. (Docket Entry No. 43-1 at 4). On appeal, the Tennessee Court of Criminal Appeal affirmed. Id. at 43-4. Janosky v. State, 2007 WL 1174901. On August 20, 2007, the Tennessee Supreme Court denied his application for permission to appeal. (Docket Entry No. 43-5).

On November 5, 2007, Petitioner filed this pro se action in the Western District of Tennessee, but that Court transferred the action to this District. (Docket Entry No. 7).

### B. Review of the State Record

In Petitioner's appeal of the Order denying his state post-conviction petition, the Tennessee Court of Criminal Appeals affirmed state procedural law as untimely.

> The record before this Court reflects that on November 3, 2003, the Petitioner entered pleas of guilty and was convicted of two counts of aggravated rape and one count of especially aggravated kidnapping. Pursuant to his plea agreement, he was sentenced to concurrent terms of eighteen years for each offense.
>
> On June 28, 2006, the Petitioner filed a motion to withdraw his guilty pleas, a motion to re-open a petition for post-conviction relief which the Petitioner had filed and subsequently withdrawn in 2004, and a new petition for post-conviction relief. The principal allegations supporting these pleadings were that the Petitioner's guilty pleas were not knowingly and voluntarily entered due to ineffective assistance of counsel and prosecutorial misconduct.
>
> In its order dismissing the motion and petitions seeking relief, the trial court noted that in 2004 the Petitioner had requested to withdraw his original petition for post-conviction relief and that the petition was dismissed "with prejudice." The trial court further noted that the motion to withdraw the pleas of guilty was filed over two years after the judgments of conviction became final and the motion was therefore untimely. *See* Tenn. R.Crim. P. 32(f). The trial court also found that the Petitioner had not alleged grounds that would entitle him to re-open his previous petition for post-conviction relief. *See* Tenn.Code Ann. § 40-30-117. The trial court further noted that the petition for post-conviction relief filed on June 28, 2006 was barred by the applicable statute of limitations. *See* Tenn.Code Ann. § 40-30-102(a). For these reasons, the trial court denied the Petitioner's motion to withdraw his guilty pleas, his motion to re-open his previous post-conviction petition, and his petition for post-conviction relief. It is from the order denying relief that the Petitioner appeals.
>
> On appeal, the Petitioner presents one issue: that he received the ineffective assistance of counsel at the time he entered his pleas of guilty pursuant to his plea agreement. Within his argument of ineffective assistance of counsel, he also asserts that the assistant district attorney who represented the State, along with the law enforcement officers, were "equally criminally liable" for prosecuting a case without probable cause or material evidence and for using perjured false testimony.

We conclude that the trial court did not err in determining that the Petitioner's motion to withdraw his guilty pleas should be denied because the motion was untimely. *See* Tenn. R.Crim. P. 32(f). We further conclude that the trial court did not err in finding that the Petitioner's petition for post-conviction relief was barred by the applicable statute of limitations. *See* Tenn.Code Ann. § 40-30-102(a). On appeal, the Petitioner does not argue that he has grounds allowing him to re-open his previous petition for post-conviction relief, and we agree that he does not. *See* Tenn.Code Ann. § 40-30-117.

We conclude that the trial court did not err by summarily denying the Petitioner's petitions seeking relief from his November 3, 2003 convictions. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

Janosky, 2007 WL 1174901 at *1-2.

### C. Conclusions of Law

This action is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Lindh v. Murphy, 521 U.S. 320, 336 (1997). Under (AEDPA), a person convicted in state court has one (1) year from the time his conviction becomes final on direct appeal to file a federal petition. 28 U.S.C. § 2241(d)(1) In Lindh, the Supreme Court held that the AEDPA was to be applied prospectively, *i.e.*, beginning after April 24, 1996. Id. Thus, for Petitioner's right to federal habeas review, the AEDPA's one year limit ended on December 4, 2003, one year after his guilty plea became final unless a statutory condition on AEDPA is satisfied.

Under 28 U.S.C. § 2244(d)(2), "the time <u>during which a properly filed application for State post-conviction</u> or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection." Id. (emphasis added). "The [statutory] tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute

of limitations." Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003) (quoting Rashid v. Khulmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). "[A]n application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, ... the time limits upon its delivery." Id. at 603 (quoting Artuz v. Bennett, 531 U.S. 4, 8 (2000).

In Vroman, the habeas petitioner asserted that his state post-conviction petition was timely under Ohio law and thus, tolled the federal statute of limitations for his federal habeas action. 346 F.3d at 603 (quoting Artuz). The Sixth Circuit explained that for federal habeas action:

> The AEDPA limitations period may be tolled for that period of time "during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." Rashid v. Khulmann, 991 F.Supp. 254, 259 (S.D.N.Y.1998).

Id. at 602.

In Vroman, the Sixth Circuit ruled that unless the State post-conviction proceedings effectively tolled the federal habeas limitations period, Plaintiff's federal claim was untimely because, "[t]he timeliness of an Ohio prisoner's post-conviction petition is governed by state statute." Id. at 603. As that Court explained:

> "[F]ederal courts ... defer to a state court's judgment on issues of state law and, more particularly, on issues of state procedural law." Israfil, 276 F.3d at 771; see also Godfrey v. Beightler, 54 Fed.Appx. 431, 2002 WL 31805606, at *2 (6th Cir. Dec.10, 2002) (stating that "federal courts defer to the state court's interpretation of state filing requirements"). In Israfil, the Sixth Circuit held that "[b]ecause state courts are the final authority on state law, federal courts must accept a state court's

5

interpretation of its statutes and its rules of practice." 276 F.3d at 771 (citations omitted). Therefore, the Israfil court concluded that the district court properly deferred to the Ohio state court's finding as to whether the petitioner's post-conviction motion had been submitted according to Ohio's timeliness requirements. Id. at 771-72; see also Raglin, 10 Fed.Appx. 314, 2001 WL 523530, at *1 (holding that "untimely state collateral attacks are not properly filed and do not toll the statute of limitations" and therefore concluding that the petitioner's post-conviction petition did not toll the statute of limitations because it was dismissed as untimely under Ohio law). Here, as in Israfil, the district court properly concluded that Ohio's determination of whether Vroman's post-conviction petition was properly filed governs whether such action tolls the statute of limitations under § 2244(d)(2).

Id. at 603.

The Sixth Circuit emphasized that "[t]his court . . . does not function as an additional state appellate court reviewing state court decision on state law or procedure." Allen v. Morris, 845 F.2d 610, 614 (6th Cir. 1988). Moreover, federal courts are obligated to accept as valid a state court's interpretation of state law and rules of practice of that state." Vroman, 346 F.3d at 604 (citation omitted).

Applying Vroman, the Court concludes that the state courts' rulings on the untimeliness of the Petitioner's motions to withdraw his guilty plea and to reopen his first state post conviction proceeding as well as on Petitioner's second state post-conviction petition filed in 2006 controls here. Without a timely state post-conviction petition, there was not any tolling of the federal habeas statute of limitations. Petitioner did not file this action until November 2007 that is beyond the December 3, 2004 federal habeas deadline under Lindh. Thus, this action is untimely under 28 U.S.C. § 2244(d).

Equitable tolling is a judicial doctrine that extends to federal habeas actions. Souter v. Jones, 395 F.3d 577, 599-60 (6th Cir. 2005). Yet, the tolling doctrine is invoked only in "rare" and "exceptional circumstances." Id. At the time of his plea, the state court found Petitioner competent to enter a plea. (Docket Entry No. 43-1 at 12). Petitioner filed a pro se statement of

his claims in state court in January 2004 that is clear and detailed. (Docket Entry No. 43-1 at 16-24).

As to his showing for equitable tolling, Petitioner cites to his pro se petition in this action that describes his medications for his mental condition at the time of his guilty plea. Petitioner does not present any medical records or expert proof to support his assertions. As stated earlier, the state trial court found Petitioner competent to enter a plea. Petitioner's counsel in the state post conviction deemed Petitioner able to decide to withdraw his first post conviction petition. Significantly, Petitioner did not raise any competency issue in his state appeal on the denial of post-conviction proceedings. Petitioner's pro se petitions in the state court and this action undermine any finding of Petitioner's inability to present his claims.

As to his actual innocence contention, Petitioner does not state when he was informed of this potential claim. As a matter of law, witness recantation is rarely ground for habeas relief because such recantations are viewed "with extreme suspicion" Wilson v. Rogers, 125 F.3d 856, 1997 WL 615767 at * 5 (6th Cir. Oct. 3, 1997) (quoting United States v. Chambers, 944 F.2d 1253, 1264 (6th Cir. 1991), particularly in a sexual abuse conviction. Id. Absent proof of a claim of a separate constitutional violation in the underlying proceeding, newly discovered evidence of actual innocence is not ground for habeas relief, Herrara v. Collins, 506 U.S. 390, 400 (1993), including evidence of witness recantation. Hence v. Smith, 37 F. Supp 2d 970, 981 (E.,D. Mich. 1999). In any event, for a claim premised on witness recantation, petitioner must show cause and prejudice, Cammuse v. Morgan, 105 Fed. Appx. 667, 670 (6th Cir. 2004), that Petitioner has not done.

This petition was filed more than three years after the expiration of the federal habeas limitations period. The state post conviction proceedings that the state courts found to be

untimely under state law, do not toll the federal limitation period. Whatever medications Petitioner may have been taking at the time of his guilty plea, with advice of counsel, Petitioner withdrew his state petition. Petitioner's 2006 state court petition contains clear statements of his claims. Under these circumstances, the Court concludes that there are not any facts to warrant tolling the federal habeas limitation period here.

Thus, the Court concludes that this action is untimely and must be dismissed for lack of jurisdiction.

An appropriate Order is filed herewith.

**ENTERED** this the ___22nd___ day of March, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge